# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| JOHN ANDREW SHEPHEARD, II, | ) 1:05-cv-01162-LJO-TAG HC |
| Petitioner, | ) ORDER DENYING WITHOUT PREJUDICE<br>) PETITIONER'S EX PARTE MOTION FOR |
| v. | ) COPY OF AUDIO CASSETTE |
| | ) (Doc. 9) |
| R. KIRKLAND, Warden, et al., | ) |
| Respondents. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **BACKGROUND**

On September 6, 2005, Petitioner filed the instant habeas petition challenging his conviction in Fresno County Superior Court for murder, a violation of California Penal Code § 187, and his resulting sentence of fifty years-to-life. (Doc. 1).  On April 10, 2006, Petitioner filed the instant ex parte motion for request ordering Respondent to furnish Petitioner with copies of an audio cassette as discovery in this case.  (Doc. 9).

The Court must of course conduct a preliminary screening of each habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  In that screening, the Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases. Thereafter, Petitioner may file a traverse should he

1 choose to do so.  When that occurs, the Court will be in a position to consider the merits of the
2 petition.
3      At this stage of the proceedings, the Court has yet to conduct its preliminary screening of
4 the instant petition.  Moreover, Respondent has not been ordered to enter an appearance in the
5 case or to file a response.  Accordingly, any request by Petitioner regarding discovery of evidence
6 or for Respondent to supply him with copies of any materials is entirely premature.  If and when
7 the case reaches a point where it appears to the Court that Petitioner requires access to the audio
8 cassette or any other materials in order to properly prepare his traverse, the Court will entertain a
9 motion from Petitioner regarding the same.  Until that time, such a motion is unnecessary,
10 premature, and without merit.

## ORDER

12 For the foregoing reasons, Petitioner's Ex Parte Motion for Request Ordering
13 Respondent's to Furnish Petitioner With A Copy of the Audio Cassette Recording (Doc. 9), is
14 DENIED without prejudice.

16 IT IS SO ORDERED.
17 Dated:   **February 23, 2007**                                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                                UNITED STATES MAGISTRATE JUDGE