UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ANDREW SHEPHEARD, II, | ) | 1:05-cv-01162-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR EVIDENTIARY HEARING |
| v. | ) | (Doc. 19) |
| | ) | |
| R. KIRKLAND, Warden, et al., | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR DISCOVERY |
| Respondents. | ) | (Doc . 21) |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 7, 2007, Petitioner filed a motion for evidentiary hearing. (Doc. 19). On June 6, 2007, Petitioner filed a motion for discovery. (Doc. 21).

**DISCUSSION**

A. Evidentiary Hearing

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, *after* the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309

1

1  (1963)(overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1993)), such a hearing is
2  unnecessary when only issues of law are raised. Id.
3      Petitioner contends that he is a laymen without legal experience or knowledge of the law, that
4  he is unable to obtain counsel, and that the issues in this case are complex and "it is difficult for
5  Petitioner to understand how to further proceed to press Petitioner's claims to a final resolution."
6  (Doc. 19, p. 1).  Petitioner requests an evidentiary hearing to orally argue his case.  (Id. at p. 2).
7      Respondent filed his response to the petition on June 18, 2007 (Doc. 22), and Petitioner filed
8  his traverse on July 16, 2007.  (Doc. 25).  A review of those filings indicates to the Court that the
9  issues raised in the petition are questions of law and that no questions of fact are involved.
10 Moreover, although Petitioner certainly disagrees with the state courts' adjudication of the legal
11 issues in the instant petition, it does not appear to the Court that Petitioner has made any suggestion
12 that the state court has not reliably found the relevant facts underlying those legal issues.   Thus, at
13 this juncture, the Court does not see the need for an evidentiary hearing.
14     However, the case is presently on the Court's list of active cases awaiting a decision on the
15 merits.  When the Court finally considers the merits of this petition, the Court will again consider sua
16 sponte the need for an evidentiary hearing and will order one *should it find that one is necessary*.
17 Accordingly, Petitioner's motion for an evidentiary hearing (Doc. 19) will be denied.
18     B.  Discovery
19     Ground One of the petition alleges, inter alia, that the prosecution withheld exculpatory
20 evidence during the trial, i.e., an audiotape of a police interview with a witness.  (Doc. 1, p. 8).
21 Petitioner alleges that the audiotape, if timely disclosed, would have provided his attorney with
22 valuable impeachment evidence against the prosecution's "key witness."  (Id.).  The trial court
23 rejected a post-trial motion on this issue, and the California Court of Appeal, Fifth Appellate District
24 ("5th DCA") rejected the contention in its unpublished decision affirming Petitioner's conviction and
25 sentence. (Doc. 22, p. 9).  The 5th DCA concluded that while the evidence had been "readily
26 available" to the prosecution, it was not material, i.e., Petitioner had failed to establish that the non-
27 disclosed evidence would have "put the whole case in such a different light as to undermine
28 confidence in the verdict."  (Id.).

1    Petitioner now moves for discovery of the audiotape itself, contending that he cannot
2 properly prepare his traverse without comparing the actual audiotape to the transcript of the
3 audiotape.  (Doc. 21, p. 2).
4    The writ of habeas corpus is not a proceeding in the original criminal prosecution but an
5 independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); see e.g. Keeney v. Tamayo-
6 Reyes, 504 U.S. 1, 14  (1992) (O'Connor, J., dissenting).  A habeas proceeding does not proceed to
7 "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.
8 Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969).
9    Although discovery is available pursuant to Rule 6, it is *only* granted at the Court's
10 discretion, and upon a showing of good cause.  Bracy, 520 U.S. at 904; McDaniel v. United States
11 Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th
12 Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule
13 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to
14 habeas petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery
15 provisions.  Rule 6, Advisory Committee Notes (quoting Harris v. Nelson, 394 U.S. 286, 295
16 (1969)).
17    Unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.
18 Bracy, 520 U.S. at 904; Harris, 394 U.S. at 295.  A petitioner does not have the right to inquire into
19 all matters which are relevant to the subject matter involved in the pending action, whether
20 admissible at trial or not.  Harris, 394 U.S. at 297.  "Such a broad-ranging preliminary inquiry is
21 neither necessary nor appropriate in the context of a habeas corpus proceeding."  Id.  Elaborate
22 discovery procedures would cause substantial delay to prisoners and place a heavy burden upon
23 courts, prison officials, prosecutors, and police.  Id.  Nevertheless, "where specific allegations before
24 the court show reason to believe that the petitioner may, if the facts are fully developed, be able to
25 demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to
26 provide the necessary facilities and procedures for an adequate inquiry."  Id. at 300.
27    Here, Petitioner asserts that his need for a copy of the audiotape itself is because of
28 discrepancies between the written transcript and what was actually said on the tape.  (Doc. 21, p. 4).
///

1   However, neither the state courts nor Respondent have noted such purported discrepancies and
2   Petitioner, although he apparently has heard the tape along with his trial attorney, provides no
3   specific details on how the transcript differs from the actual audiotape in any manner that would have
4   an impact of the legal issues now before the Court.  Thus, Petitioner's discovery motion fails to make
5   the requisite showing of a need to have the actual tape itself.
6         Moreover, at this time, the Court's function is to review the state court's adjudication of this
7   issue, i.e., denying Petitioner's contention that the prosecution's withholding of the tape was
8   prejudicial or that the tape itself was material, was contrary to or an unreasonable application of
9   clearly established federal law.  28 U.S.C. § 2254(d)(1)).   Since the 5th DCA's opinion expressly
10  references the clearly established federal law regarding the withholding of exculpatory evidence, the
11  Court narrowly views its role at this point as one of law, and not one that requires any factual
12  determinations regarding the uniformity of the transcript and the audiotape itself.  This undercuts
13  Petitioner's claim that he needs the audiotape in order to prepare the legal arguments in his traverse.
14        Finally, on July 16, 2007, Petitioner filed a 30- page traverse that contained extensive
15  arguments regarding the prosecution's withholding of the audiotape and its purported impact on the
16  outcome of the case.  (Doc. 25, pp. 3-12).  Therefore, contrary to Petitioner's assertions, it does not
17  appear that his lack of access to the actual audiotape resulted in any hindrance to Petitioner in the
18  filing of his traverse and the presentation of his arguments supporting his contentions on this issue.
19  For the foregoing reasons, Petitioner's motion for an evidentiary hearing (Doc. 19) will be denied.
20        Accordingly, the Court HEREBY ORDERS as follows:
21        1.  Petitioner's motion for an evidentiary hearing (Doc. 19), is DENIED; and
22        2.  Petitioner's motion for discovery (Doc. 21), is DENIED.
23
24
25  IT IS SO ORDERED.
26  Dated:   **February 13, 2008**                         **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE
27
28