UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ANDREW SHEPHEARD, II, | ) | 1:05-CV-01162 AWI JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #28] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| ROBERT HOREL, Warden, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 8, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 12, 2008, Petitioner filed objections to the Findings and Recommendation. In

accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In the objections, Petitioner claims that a Brady[1] violation occurred when an audio tape of a witness's interview and diagrams the witness made during the interview were withheld until after trial.  A Brady violation occurs when the government "fails to disclose evidence materially favorable to the accused," including impeachment evidence. Youngblood v. West Virginia, 547 U.S. 867, 869 (2006); Banks v. Dretke, 540 U.S. 668, 691 (2004).  The materiality standard is met when the "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Youngblood, 547 U.S. at 870; Banks, 540 U.S. at 698; Kyles v. Whitley, 514 U.S. 419, 435 (1995).  Evidence is material under Brady if there is a "reasonable probability" that the outcome would have been different if the prosecution had not withheld the evidence.  Smith v. Baldwin, 510 F.3d 1127, 1148 (9th Cir. 2007).   Nothing in the objections convinces the court that the California courts violated clearly established federal law by finding that the audio tapes were so vague and unclear as to not be material.

In the objections, Petitioner also contends that neither the Magistrate Judge nor the California courts addressed the Brady violation that occurred when diagrams the witness made while being interviewed were not provided until after trial.   To establish a Brady violation, the petitioner has the burden of showing that withheld evidence is material. United States v. Si, 343 F.3d 1116, 1122 (9th Cir. 2003).   Here, Petitioner has failed to provide the diagram or meet his burden to show that there is a reasonable probability that the admission of this diagram would have caused a different outcome.

Turning to the second ground for relief, Petitioner attempts to change his second ground from one in which he contends the trial court erred by not instructing on the meaning of "intent" into one in which Petitioner argues his trial counsel was ineffective for failing to insist on a definition of

---

[1] In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87.

1  "intent." Petitioner argues that all evidence showed Petitioner did not come to the scene with intent
2  to kill anyone. The court cannot grant relief on this contention for several reasons. First, a new
3  theory cannot properly be raised in objections to Findings and Recommendations. Greenhow v.
4  Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir.1988), *overruled on other grounds by* United States
5  v. Hardesty, 977 F.2d 1347 (9th Cir.1992).   Second, such an ineffective assistance of counsel claim
6  is not exhausted because it was never presented to the California Supreme Court. 28 U.S.C. §
7  254(b)(1).

8  Finally, Petitioner contends in his objections, as he did in the petition, that Petitioner's
9  statements show that he is not guilty of First Degree Murder. As explained by the Magistrate Judge,
10  when reviewing an insufficiency of the evidence claim on federal habeas corpus review, a federal
11  court must determine whether, viewing the evidence and the inferences to be drawn from it in the
12  light most favorable to the prosecution, any rational trier of fact could find the essential elements of
13  the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here,
14  Petitioner merely contends that a different meaning could be given to the evidence.   Such an
15  argument does not show a constitutional violation.

16  Accordingly, the court adopts the Findings and Recommendations, and there is no need to
17  modify the Findings and Recommendations based on the points raised in the objections.

18  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
19  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
20  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue
21  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

22      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
        district judge, the final order shall be subject to review, on appeal, by the court
23      of appeals for the circuit in which the proceeding is held.

24      (b) There shall be no right of appeal from a final order in a proceeding to test the
        validity of a warrant to remove to another district or place for commitment or trial
25      a person charged with a criminal offense against the United States, or to test the
        validity of such person's detention pending removal proceedings.
26
        (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
27              appeal may not be taken to the court of appeals from–

28              (A) the final order in a habeas corpus proceeding in which the

      detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

  If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

  In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

  Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 8, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   June 22, 2008**        **/s/ Anthony W. Ishii**
                UNITED STATES CHIEF DISTRICT JUDGE